United States District Court
for the
DISTRICT of COLUMBIA

**FILED**
JUL 25 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

#208-336

Scotland TOLBERT,            ) Civil Action, File No. _____
1901 E ST. S.E.              )
a/k/a Anthony                )
Tolbert, W.D.C. 20001        ) Date: _____
CTF/CCA                      )
PETITIONER                   )

v.

Fred FIGUEROA,               )
Warden — CCA/Central         )
Treatment Facility;          )
and                          )
Alberto R. GONZALES,         )
Attorney General — U.S.      )
Department of Justice;       )
and                          )
United States Parole         )
Commission,                  )
RESPONDENTS                  )

CASE NUMBER  1:05CV01472
JUDGE: Emmet G. Sullivan
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 07/25/2005

Motion for Writ of HABEAS CORPUS
Under the Authority of Title 28 USC §2241

To the Honorable Judge of the United States
District Court for the District of Columbia

1

COMES now Scotland TOLBERT, petitioner, (herein "TOLBERT") who is imprisoned and restrained of liberty at the CCA- Central Treatment Facility, located at: 1901 E STREET, SE, WASHINGTON, D.C., 20003; in the custodial care of Warden Fred FIGUEROA, respondent; by order of the Attorney General, Alberto R. GONZALES, respondent; and the United States Parole Commission, also respondent; to request this court, and your Honor, pursuant to Title 28 USC section 2241 ("Power to Grant Writ") grant this writ and order a hearing at the soonest date and time, to determine, based upon the following Statement of Supporting Facts (SOSF), attached Exhibit(s), and Memorandum of Legal Argument (MLA), if petitioner TOLBERT is indeed being prejudiced, and is unlawfully incarcerated due to violation(s) of his Constitutional Rights by respondents. Petitioner TOLBERT files this Motion in good faith and prays that this court and your Honor will grant him all remedies and relief he may be entitled to.

## Statement of Supporting Facts

1. Petitioner TOLBERT is a D.C. Code offender, sentenced in Superior Court, whose DCDC number is #208336.

6. Pursuant to Title 18 USC section 4214, the U.S.P.C. guarantees parolees, if they are eligible, and request, a local revocation hearing within SIXTY (60) days of probable cause being found. (see above item #5, exhibit A)

7. As of this filing, excluding the legal [observed] holiday of Memorial Day, May 30, 2005, sixty days, or an excess of, have since lapsed.

8. The United States Parole Commission has violated petitioner TOLBERT's constitutional Right to a local parole revocation hearing within the allowed time frame, i.e. "sixty (60) days" U.S.P.C. guidelines §2.102(e)

9. Petitioner TOLBERT did not request any continuance or extension of time; nor did his counsel, thereby relieving the U.S.P.C. of its' obligations.

10. Petitioner TOLBERT alleges that this violation of his rights is a prejudicial delay; and that it is one in a series of prejudices he has suffered since the inception of the parole violation and revocation process by the United States Parole Commission.

## Memorandum of Legal Argument

The United States Parole Commission, based upon Title 18 USC section 4214(a)(1)(B) must "upon a finding of probable cause under subparagraph (1)(A), a revocation hearing at or reasonably near the place of the alleged parole violation or arrest within sixty days of such determination of probable cause, except that a revocation hearing may be held at the same time and place set for the preliminary hearing." Revocation of Parole, §4214.

Barring other definition, or narrower interpretation, petitioner TOLBERT interprets the word "days" to mean calendar days, including Saturdays and Sundays, [weekends] but excluding legal [observed] holidays. In furtherance and support of his interpretation, petitioner cites the language of the U.S.P.C. in Title 18 USC section 4214(e), which outlines its' duties to serve written notice to parolees about the decisions made in revocation of parole "within twenty-one (21) days, excluding holidays." Based upon this wording, petitioner understands "days" would mean all days, excluding legal [observed] holidays, since they would all count towards the expiration of the twenty-one day window for proper

written notice.

Petitioner TOLBERT states that, due to the U.S.P.C.'s failure to administer their duties and responsibilities, in violation of his Constitutional rights, that he has suffered another prejudicial delay. It has long been established that District courts have the authority to, and have granted, relief to such petitioners who seek remedy through motions for Writ(s) of Habeas Corpus. VARGAS v. U.S.P.C., 865 F2d 191 (9th. Cir. 1988) See also JOHNSON v. HOLLEY, 528 F2d 116 (7th Cir. 1975) CREECH v. U.S. Board of Parole, 538 F2d 205 (8th Cir. 1976) GOODMAN v. KEOHANE, 663 F2d 044 (11th Cir. 1981)

Petitioner TOLBERT states that his alleged violation stems from charges of new criminal conduct, and an outstanding traffic citation, which had been settled the year prior, and should never have been made an issue. As for the new charge, it was dismissed by the Prosecutor over two months before petitioner was violated. He had been reporting as required, and was within full compliance of his parole terms at the time the warrant was issued.

Petitioner TOLBERT claims that this violation is nothing more than an attempt to strip him of over three thousand days

of "street time" he has successfully spent on parole. The District of Columbia Court of Appeals has found that "although a conviction is not required for revocation, it would be "unseemly" to base revocation on charge(s) resulting in acquittal." IN RE. A.W., 353 A2d 686 (D.C. Cir. 1976)

## Summary

WHEREFORE, in consideration of his statement of supporting facts, and in view of the attached Exhibit 'A' and Memorandum of Legal Argument, petitioner TOLBERT prays that this court and your Honor issue a Writ of Habeas Corpus Ad Subjiciendum, commanding respondents to produce the body of the petitioner before this court, discharge petitioner from respondent's custody, reinstating his parole status, and order the U.S.P.C. be barred from any further revocation action or proceeding as a result of this violation; and that he receive full credit towards the service of his maximum sentence for his time spent incarcerated during this process; and further relief to which petitioner may be entitled in this action.

## Oath

I, Scotland TOLBERT, petitioner, being duly sworn under oath, under penalty of perjury, have read and subscribed to the above set forth petition (Writ of HABEAS CORPUS) and the information therein is true and correct, to the best of my knowledge.

Signed and dated this 12 day of July, 2005.

*[signature]*
SCOTLAND TOLBERT

DCDC #208336

Subscribed and sworn to before me on this 12th day of July, 2005.

*[signature]* Phoenix C. Ishmon
NOTARY

Phoenix C. Ishmon
Notary Public, District of Columbia
My Commission Expires 07-31-2006

## Certificate of Service

I certify that a true and correct copy of this motion (Writ of HABEAS CORPUS) has been sent via U.S. mail ("service") to the following respondents:

ALBERTO R. GONZALES, Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

and

UNITED STATES PAROLE COMMISSION
5550 Friendship Blvd.
Chevy Chase, MD 20815-7201

## IX. Revocation Hearing:

[✓] Local Revocation **or**   [ ] Combined Probable Cause/Local Revocation on:

Location: [✓] CTF   [ ] DC Jail   Date: 7/11/05   Time: [ ] am   [✓] pm

[ ] Other at _____

~~[ ] Recommend institutional revocation hearing upon transfer to a federal institution.~~

Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov

May Qualify for an Expedited Offer:   [✓] No   [ ] Yes   (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.   [ ] No   [ ] Yes

_____ Attorney/Prisoner    5-3-05  Date

**Additional Text:**

S began supervision 7/29/96 and has been compliant w/ exception of current charges which have been dismissed. Counsel notes S has maintained stable residence and employment. Counsel recommends release on summons. RAV supports S. was compliant until arrest and was placed on minimal supervision. Counsel notes S is not a high risk and summons would be appropriate.

Phyllis R. Behn   Release Denied per H.E.   5/3/05
Examiner   Date

**Disclosure Documents:** Warrant dated 3-16-05, Warrant Application dated 3-16-05, Supplemental Warrant Application dated (only if applicable), Violation Report dated 11-19-04 and 1-13-05 with attachments, Parole Certificate dated 4-8-1998, Pre-Sentence Report

I acknowledge having received the above disclosure documents and a copy of this document.

_____ Attorney/Prisoner

05 1472
FILED 5-3-05
JUL 25 2005   Date
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tolbert, Anthony
Reg. No. DCDC No. 208-336