UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTLAND TOLBERT   )<br>    a/k/a ANTHONY TOLBERT   )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>UNITED STATES PAROLE   )<br>   COMMISSION, *et al.*,   )<br>   )<br>   Respondents.   ) | Civil Action No. 05-1472 (EGS) |

## UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Petitioner Scotland Tolbert's petition for a writ of habeas corpus. In his petition, Petitioner claims that he is entitled to relief because the United States Parole Commission delayed holding a parole revocation hearing. For the reasons set forth herein, this Court should summarily deny the petition.

### PROCEDURAL HISTORY

In 1986, Petitioner was sentenced to 20 months to 5 years incarceration for unlawful possession with intent to distribute a controlled substance, and to a concurrent 90-day sentence for attempted unauthorized use of a vehicle. *See* Exhibit A (Superior Court Case No. F 1271-86). In 1991, Petitioner was sentenced to incarceration for 7 to 21 years for possession with intent to distribute heroin. *See* Exhibit B (Superior Court Case No. F 9508-90). Petitioner currently is serving each of those sentences.

The District of Columbia Board of Parole placed Petitioner on parole on July 29, 1996, with the requirement that Petitioner remain under parole supervision until February 28, 2014.

*See* Exhibit C (certificate of parole).

Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745, on August 5, 1998, the United States Parole Commission assumed responsibility for parole release decisions formerly made by the District of Columbia Board of Parole. *See* D.C. Code § 24-131 (formerly codified at D.C. Code § 24-1231). Petitioner accordingly was transferred to the jurisdiction of the United States Parole Commission ("the Parole Commission").[1]

On September 16, 2003, Petitioner's parole officer submitted a parole supervision report to the Parole Commission to recommend that Petitioner be removed from active supervision. The report noted that Petitioner was arrested for simple assault in November 1997, and also was arrested for possession with intent to distribute cannabis and unauthorized use of a vehicle in April 1999.[2] The Parole Commission observed that additional charges were pending against Petitioner and thus determined that continued active supervision was warranted. *See* Exhibit D.

On November 19, 2004, Petitioner's community supervision officer submitted an alleged violation report and recommended that the Parole Commission issue a parole violator warrant based on Petitioner's rearrest for distribution of heroin, distribution of crack cocaine, possession with intent to distribute heroin, and possession with intent to distribute crack cocaine. *See* Exhibit E. On January 13, 2005, Petitioner's community supervision officer submitted another alleged violation report indicating that Petitioner was rearrested for operating vehicle after his

---

[1] On August 5, 2000, the Parole Commission assumed responsibility for parole revocation decisions formerly made by the Board. See D.C. Code § 24-131(a)(1)-(2).

[2] The District of Columbia Board of Parole elected not to revoke Petitioner's parole based on these charges and they were subsequently dismissed in court.

license was suspended. *See* Exhibit F. The Parole Commission accordingly issued a parole violator warrant on March 16, 2005, *see* Exhibit G-1, charging that Petitioner violated the conditions of his release on parole by committed the following violations of the law: distribution of heroin; distribution of crack cocaine; possession with intent to distribute heroin; possession with intent to distribute crack cocaine; and operating after suspension. *See* Exhibit G-2.

Petitioner was arrested on the parole violator warrant on April 28, 2005, and a probable cause hearing was held on May 5, 2005. *See* Exhibit H at 1. Petitioner denied the charges, asserting that the cases arising out of the alleged violations of the law had been dismissed in court. *See id.* at 2. Based on the documents in the record, the Parole Commission determined that there was probable cause to proceed to a hearing on the drug charges, but no probable cause to proceed to a hearing on the operating after suspension. *See id.* at 2-3. Accordingly, the Parole Commission scheduled the hearing for July 11, 2005, and Petitioner's attorney did not object to that date. *See id.* at 5.

On July 11, 2005, the date of the parole revocation hearing, Petitioner's new attorney requested and received a continuance because he had just been assigned to the case and had not received the complete case file from Petitioner's previous attorney. *See* Exhibit I. Petitioner received a parole revocation hearing on September 19, 2005. *See* Exhibit J. The hearing examiner noted that the subpoenaed police officer failed to show for the hearing, and further noted that he was not able to make a good cause finding for the officer's non-appearance. Petitioner denied the drug charges, and the hearing examiner ultimately determined that there was insufficient evidence to make a finding on the charges. *See id.* at 2. Accordingly, by a Notice of Action dated October 3, 2005, the Parole Commission advised Petitioner that no

finding of violation had been made in his case, and that Petitioner would be released from custody and reinstated to supervision. *See* Exhibit K.

Petitioner now appears before this Court on a petition for a writ of habeas corpus that was filed, *pro se*, on July 25, 2005. In his petition, Petitioner asserts that the United States Parole Commission violated his rights by not holding his parole revocation hearing within sixty days of the probable cause hearing. For the reasons set forth below, this Court should reject Petitioner's argument and summarily deny his petition.

## ARGUMENT

**This Court Should Summarily Deny Petitioner's Claim Regarding The Timing Of His Parole Revocation Hearing**

This Court should summarily deny Petitioner's claim regarding the timing of his parole revocation hearing. Under 28 C.F.R. § 2.102(f), the Parole Commission must hold a local revocation hearing no later than sixty-five days after the date on which the parolee was arrested on the parole violator warrant. When Petitioner filed his petition on July 25, 2005, he correctly observed that he had not received a revocation hearing within the 65-day time frame. However, Petitioner failed to note that the Parole Commission did schedule a parole revocation hearing on July 11, 2005 (10 days after the 65-day deadline passed), and that Petitioner, through his attorney, requested and received a continuance on that date. Thus, Petitioner is directly responsible for the delay that followed the original parole revocation hearing date. Furthermore, the Parole Commission subsequently held Petitioner's parole revocation hearing on September 19, 2005. Since Petitioner does not and cannot show that he was prejudiced by any brief delay chargeable to the Parole Commission regarding the timing of his parole revocation hearing,

Petitioner's request for habeas relief fails.

It is well established that "[d]elay *per se* does not constitute a violation of due process entitling an accused parole violator to immediate release where the parolee has finally been afforded the revocation hearing and the facts of the violation fairly adjudicated." *McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1977) (*per curiam*). Instead, the remedy for a delayed parole revocation hearing is to require the United States Parole Commission to conduct a hearing. *See Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir. 1977) (noting that the legislative history for 18 U.S.C. § 4214(c) indicates that if the Parole Commission fails to meet a deadline for decision-making established by the Act, the proper remedy would be to compel the decision and not to release the prisoner from custody).

An alleged parole violator such as Petitioner would only be entitled to habeas relief if he can meet his burden of showing that the Parole Commission's delay was unreasonable and resulted in actual prejudice to the defense he intended to present at the parole revocation hearing. *See Sutherland v. McCall*, 709 F.2d 730, 733 (D.C. Cir. 1983). Where there is no claim of such prejudice, habeas relief is not appropriate. *See Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 45 (5th Cir. 1991) (*per curiam*) (holding that petitioner was not prejudiced by delay because petitioner did not assert that his ability to present facts or contest the parole violation was affected by the delay); *United States v. Wickham*, 618 F.2d 1307, 1311 (9th Cir. 1979) (explaining that a petitioner claiming actual prejudice resulting from a delayed probation revocation hearing generally must show that the delay impaired his or her ability to contest alleged violation or present favorable evidence).

Applying that legal standard, Petitioner is not entitled to habeas relief. Petitioner does not

claim, much less show, that his ability to present a defense at his parole revocation hearing was prejudiced in any way by the Parole Commission's delay (to the extent that there was one) in holding the hearing. *See Crum v. United States Parole Comm'n*, 814 F. Supp. 1, 3 (D.D.C. 1993) (petitioner was not prejudiced by 157-day delay between arrest and first parole revocation hearing date); *see also Grinner*, 563 F.2d at 872 (collecting cases holding that petitioner was not prejudiced despite delays between ten months and two years from execution of parole violator warrant and parole revocation hearing). Indeed, since the Parole Commission did not find a violation of parole and thus released Petitioner from custody and returned Petitioner to parole supervision with no loss of street time, *see* Exhibit K, Petitioner cannot plausibly argue that he was somehow disadvantaged in presenting a defense at the hearing. Ultimately, Petitioner received the parole revocation hearing he desired, and suffered no prejudice as a result of the pre-hearing delay. Accordingly, this Court should summarily deny Petitioner's claim as moot.

**CONCLUSION**

For the foregoing reasons, Petitioner is not entitled to relief on his claim challenging the actions of the United States Parole Commission, and thus this Court summarily should deny Petitioner's petition for a writ of habeas corpus.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

ROBERT D. OKUN (D.C. Bar No. 457-078)
Chief, Special Proceedings Section

/s/
GEOFFREY CARTER (D.C. Bar No. 460-971)
Assistant United States Attorney
Special Proceedings Section
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-1845

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December, 2005, a copy of the foregoing pleading was served via U.S. mail on Petitioner Scotland Tolbert, *pro se*, postage prepaid, at the following address:

Scotland Tolbert
Washington, DC

    /s/ Geoffrey Carter
ASSISTANT UNITED STATES ATTORNEY