UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTLAND TOLBERT, aka Anthony Tolbert,

    Petitioner,

    v.

FRED FIGUEROA, Warden, et al.,

    Respondents.

Civil Action No. 05-1472 (EGS)

**MEMORANDUM OPINION**

Petitioner, a federal inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the actions of the United States Parole Commission ("USPC"). Because the Court finds that the USPC did not violate petitioner's constitutional rights, the petition will be denied.

**I. Background**

In 1986, in the Superior Court of the District of Columbia, petitioner was convicted of possession with the intent to distribute a controlled substance and attempted unauthorized use of vehicles. USPC's Opposition to Petition for Writ of Habeas Corpus ("USPC Opp."), Exhibit ("Ex.") A. Petitioner was sentenced to a term of twenty months to five years on the drug charge and a concurrent 90 day sentence on the other charge. *Id.* On February 12, 1991, petitioner was sentenced in the Superior Court of the District of Columbia to an imprisonment term of seven to twenty years for possession with the intent to distribute heroin. *Id.*, Ex. B.

Petitioner was released on parole by the District of Columbia Board of Parole ("D.C.

1

Board") on July 29, 1996. *Id.*, Ex. C. The D.C. Board ordered that petitioner remain under parole supervision until February 28, 2014. *Id.* In August 1998, parole authority over D.C. Code offenders was transferred from the D.C. Board to the USPC. *See* D.C. Code § 24-1231; *see also Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

On November 19, 2004, petitioner's community supervision officer submitted a violation report to the USPC based on petitioner's arrest for the charges of possession with the intent to distribute heroin and crack cocaine, and distribution of those controlled substances. USPC's Opp., Ex. E. The community supervision officer issued an additional violation report on January 13, 2005 based on petitioner's arrest for operating a vehicle while his license was under suspension. *Id.*, Ex. F. On March 16, 2005, the USPC issued a parole violator warrant. *Id.*, Ex. G-1.

Petitioner was arrested for the parole violations on April 28, 2005. *Id.*, Ex. H. At the probable cause hearing conducted by the USPC on May 5, 2005, petitioner, represented by court-appointed counsel, denied the charges. *Id.* The hearing examiner determined that there was probable cause to proceed to a revocation hearing on the drug charges, but not on the motor vehicle violation. *Id.* The examiner set a revocation hearing for July 11, 2005. *Id.* On that date, petitioner's new counsel requested a continuance of the hearing to the next available docket. *Id.*, Ex. I.

The revocation hearing was held on September 19, 2005. *Id.*, Ex. J. The hearing examiner determined there was insufficient evidence to support the parole violation charges. *Id.* On October 3, 2005, based on this finding, the USPC reinstated petitioner to parole supervision. *Id.*, Ex. K.

## II. Discussion

Petitioner claims that the USPC's delay in conducting his revocation hearing violated due process. A parolee has the right to a revocation hearing within a reasonable time after the parolee is taken into custody. *See Morrissey*, 408 U.S. at 488; *Ellis v. District of Columbia*, 84 F.3d 1413, 1421 (D.C. Cir. 1996). Whether a delay violates due process depends on the length of and reasons for the delay. *See Ellis*, 84 F.3d at 1424. Delays of between 195 days and 33 months have been found to be unreasonable. *See Pate v. United States*, 277 F.Supp.2d 1, 5-6 (D.D.C. 2003)(discussing cases).

In this case, petitioner was arrested for the parole violations on April 28, 2005. *See* USPC's Opp., Ex. H. The USPC scheduled the revocation hearing on July 11, 2005. *Id.* The hearing was continued to September 19, 2005 at the request of plaintiff's counsel. Hence, petitioner was in custody over four months before he was afforded a revocation hearing. This delay arguably might be considered unreasonable. But even assuming that the delay was excessive, to obtain habeas relief petitioner must show that prejudice resulted from the delay. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983); *Allston*, 158 F.Supp.2d at 81; *Crum v. U.S. Parole Comm'n*, 814 F.Supp. 1, 3 (D.D.C. 1993). Petitioner has not shown how he was disadvantaged by this delay. Two months of the delay were at his counsel's request. The USPC dismissed the charges and released petitioner from custody. Moreover, the USPC granted petitioner credit for the time he spent in custody prior to his parole revocation with no loss of credit for his street time. *See* USPC Opp., Ex. K. Petitioner therefore has not demonstrated the requisite prejudice.

### III. Conclusion

The USPC's delay in holding petitioner's revocation hearing did not violate petitioner's constitutional rights. His petition, therefore, will be denied and the case dismissed. A separate order accompanies this Memorandum Opinion.

                                                  _____/s/_____
                                                  EMMET G. SULLIVAN
                                                  United States District Judge

DATE: December 23, 2005